Tara Martens Miller, ISB No. 5773
Matthew J. McGee, ISB No. 7979
SPINK BUTLER, LLP
251 E. Front Street, Suite 200
Boise, ID  83702
P.O. Box 639
Boise, ID  83701
Telephone:  208/388-1000
Facsimile:  208/388-1001
tmiller@spinkbutler.com
mmcgee@spinkbutler.com
*#23531.2*

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JOSEPH G. DAINES and SUSAN G. DAINES, a married couple, | ) ) ) | Case No.: 1:18-cv-00170 |
| Plaintiffs, | ) ) | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL** |
| vs. | ) ) | |
| MARK MATSKO, an individual, and SELWAY ASSET MANAGEMENT, INC., an Idaho corporation, | ) ) ) | |
| Defendants. | ) ) ) | |

## INTRODUCTION

Defendants Mark Matsko and Selway Asset Management, Inc. have moved for an order

from the Court, pursuant to Federal Rule of Civil Procedure 5.2 and Local Civil Rule 5.3,

permitting the Defendants to file under seal the (i) Memorandum in Support of Motion to

Dismiss or Stay Pending Arbitration and (ii) Declaration of Mark Matsko in Support of Motion

to Dismiss or Stay Pending Arbitration

## ARGUMENT

Defendants request that the foregoing documents be sealed because they are, quote, or refer to documents and information that (i) have been designated "Confidential" and (ii) are subject to a confidentiality provision that prevents disclosure unless it is required by a court, arbitrator, other tribunal or governmental agency. Certain of the documents that are attached and discussed are expressly marked "Confidential" because, in part, they are comprised largely of private information that already requires redaction in accordance with Federal Rule of Civil Procedure 5.2 and Local Rule 5.5(a), including certain financial information of the Plaintiffs. Such documents, as well as the remaining business documents, describe and set forth proprietary and confidential business matters subject to the foregoing contractual confidentiality provision.

There is a "strong presumption" in favor of access to judicial proceedings. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006). A party seeking to seal materials must show "compelling reasons" that outweigh the "public interest in understanding the public process." *Id*. That said, "[c]ourts commonly seal business or financial information that is otherwise kept confidential, where such documents could be used to a company's competitive disadvantage." *Kamdem-Ouaffo v. Idahoan Foods, LLC*, 243 F.Supp.3d 1130, 1146 (D. Idaho 2017). The disclosure of proprietary business information in this case risks harming Defendants' and third parties' competitive interests in their field, as the proprietary documents themselves, and the requirements for confidentiality therein, reflect.

Perhaps more importantly, each of Plaintiffs and Defendants are subject to a written agreement to privately arbitrate the dispute in the above-captioned lawsuit. There is a policy, reflected in the Federal Arbitration Act, favoring the enforcement of written arbitration agreements. *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67 (2010). The Motion to

Dismiss or Stay Pending Arbitration and supporting memorandum, submitted contemporaneously herewith, discuss the applicability of that policy to this case. At least until such time as the Court has ruled on whether it has jurisdiction to hear all or any part of the dispute, the Court should maintain the confidentiality of business records and information that are identified as confidential by sealing the requested records.

Stated another way, Defendants contend that Plaintiffs were required to submit their claims to arbitration, rather than filing the instant lawsuit. If Plaintiffs had done so, public access to documents filed in the federal court system would not be a question or issue for resolution, and a showing of "compelling reasons" would be wholly unnecessary, because the arbitration of Plaintiffs' claims would involve the private resolution of the dispute before an arbitrator or panel of arbitrators, as the parties agreed to and acknowledged in writing. Therefore, at a minimum, the Court should preserve the confidential status quo until it resolves whether, and to what extent if at all, the Plaintiffs' claims are the proper subject of an arbitration. Here, the public right of access that is the touchstone relating to the sealing of confidential or private documents should not trump federal policy relating to arbitration.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the following documents be sealed: (i) Memorandum in Support of Motion to Dismiss or Stay Pending Arbitration; and (ii) Declaration of Mark Matsko in Support of Motion to Dismiss or Stay Pending Arbitration. In the alternative, Defendants respectfully request that the Court order that such documents be, and remain, sealed until such time as the Court rules that it has jurisdiction to entertain the Plaintiffs' claims, if at all.

RESPECTFULLY SUBMITTED this 10th day of May 2018.

SPINK BUTLER, LLP

By:   */s/ Tara Martens Miller*
      Tara Martens Miller
      Matthew J. McGee
      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May 2018, I caused a true and correct copy of the above to be served upon the following individuals in the manner indicated below:

Patrick C. Bageant             [X] U.S. Mail
Hollystone Law                [  ] Hand-Delivery
1775 West State Street, No. 286   [  ] Federal Express
Boise, ID 83702               [  ] Via Facsimile
Fax: 208-686-8247           [X] Via E-Mail/ECF
pbageant@hollystonelaw.com

Thomas J. Lloyd III           [X] U.S. Mail
Greener Burke Shoemaker Oberrecht, P.A.  [  ] Hand-Delivery
950 W. Bannock Street, Suite 950  [  ] Federal Express
Boise, ID 83702               [  ] Via Facsimile
Fax: 208-319-2601           [X] Via E-Mail/ECF
tlloyd@greenerlaw.com

*/s/ Tara Martens Miller*
     Tara Martens Miller
     Matthew J. McGee
     Attorneys for Defendants