Patrick C. Bageant (ISB No. 10291)
HOLLYSTONE LAW
1775 West State Street, No. 286
Boise, ID 83702
Telephone:  208-596-5343
Facsimile:  208-686-8247
Email:       pbageant@hollystonelaw.com

Thomas J. Lloyd III (ISB No. 7772)
ELAM & BURKE, P.A. 251 E. FRONT ST.,
Suite 300 P.O. box 1539
Boise, ID 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
E-mail:      tjl@elamburke.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH G. DAINES and SUSAN G. DAINES, a married couple,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK MATSKO, an individual, and SELWAY ASSET MANAGEMENT, INC., an Idaho corporation,<br><br>Defendants. | Case No.: 1:18-cv-00170-REB<br><br><br>PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES

# I.   INTRODUCTION

Pursuant to the Court's instructions (ECF No. 20), Plaintiffs submit this supplemental memorandum on whether the arbitration clauses in the Second Amended and Restated Agreement of Limited Partnership of Talon Fund, L.P. and the Talon Fund, L.P. Terms and Conditions of Subscription Agreement apply in this case to the extent that Plaintiffs seek to prove the amount of financial loss they allege to have suffered in their investment account in the Talon Fund. The aforementioned clauses do not apply, for the following reasons.

# II.   ARGUMENT

## A.   There Is No Contract Between the Parties to Arbitrate.

Arbitration "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir. 1996) (citation omitted). Here, the Plaintiffs cannot be required to arbitrate because they have not agreed to submit any claims against any of the Defendants to arbitration – that is precisely why no written agreement among the parties to arbitrate exists.

This alone requires denial of Defendants' motion to compel arbitration, because the Federal Arbitration Act directs courts to stay actions pending arbitration only when the parties have agreed to arbitration, in writing:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . .

9 U.S.C. § 3 (emphasis added); *see also Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 756 (9th Cir.1989) ("When we are asked to compel arbitration of a dispute, our threshold inquiry is whether the parties agreed to arbitrate.").

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES

As discussed in Plaintiffs' memorandum opposing Defendants' motion to compel arbitration (ECF No. 10 at 5), there is no agreement to arbitrate – written or otherwise – among the parties to this lawsuit. <u>No</u> written agreement governs the relationship between the Plaintiffs and their investment advisor, Defendant Selway Asset Management, Inc. ("Selway"). *Id*. Nor is there <u>any</u> written agreement between the Plaintiffs and Defendant Mark Matsko ("Matsko"). *Id*. The absence of a written agreement of any kind should be the end of the inquiry – the Federal Arbitration Act requires a "writing" before it may apply. 9 U.S.C. § 3.

**B.      The Talon Arbitration Agreement Does Not Encompass this Dispute.**

Lacking a written agreement between themselves and the Plaintiffs, the Defendants have pointed instead to a written agreement (containing an arbitration clause) that the Plaintiffs made with the Talon Fund, L.P. ("Talon"), a limited partnership that was the vehicle for investment of their retirement funds. (ECF No. 6-1 at 5.) Talon, however, is not a party to this action. (*See* ECF No. 1.) Although the Talon arbitration agreement states that some (but not all) claims between Talon and the Plaintiffs must be submitted to arbitration, it does not state or suggest that claims between the Plaintiffs and anyone else (including non-parties to the agreement like Selway or Matsko) must be arbitrated. (ECF No. 6-1, Exh. C at 31 (defining what claims between Plaintiffs and Talon must be arbitrated).) Nor could it: a side agreement between the Plaintiffs and Talon would not bind a non-party.[1]

Nevertheless, the Defendants argue that they should be able to enforce the Talon arbitration agreement (even though they are not parties to it) because this lawsuit touches upon events in which Talon was involved. (*See* ECF No. 6-1 at 5-6.) The plain language of the Federal Arbitration Act forecloses this argument. To trigger arbitration under that Act, the Plaintiffs' claims against Selway for breach of fiduciary duty, securities fraud, and breach of contract, must

---

[1]  *See InfoSpan, Inc. v. Emirates NBD Bank PJSC*, No. SACV-11-1062, 2012 WL 12960766, at \*5 (C.D. Cal. Dec. 7, 2012) (discussing the Ninth Circuit's decision in *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006), which held that a "nonsignatory plaintiff in ERISA action, who was participant in employee pension and profit-sharing plan, was not bound to arbitrate where not seeking to enforce rights under a contract between the ERISA plan and its investment advisor.").

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES

be "referable to arbitration under an agreement in writing." 9 U.S.C. § 3. The agreement with Talon, however, does not refer to such claims. Rather, it encompasses only disputes arising under its founding documents or between its partners, and not claims for fiduciary duty, fraud, or breach of contract by non-parties to the agreement:

> . . . in the event of any dispute <u>arising under this Agreement</u> or the Partner's Subscription Agreement, or otherwise <u>involving the Partner's rights or obligations</u> in connection with this investment, such dispute shall be settled by arbitration in the county and state of the General Partner's principal office at the time of commencement of such arbitration in accordance with the rules of the American Arbitration Association.

(ECF No. 6-1, Exh. C at 31) (emphasis added). Selway is not a partner in Talon, and the fiduciary duty it owed to Plaintiffs did not "arise" under the Talon documents. The same is true of its duty to not commit fraud, and to adhere to its contractual obligations. Each of those aforementioned duties would exist, and would be actionable if breached, even if the Talon agreements never existed. The same is true of the Plaintiffs' claims against Mr. Matsko: the duties that Plaintiffs allege he breached were not duties that arose under the Talon documents, nor were they duties that he owed to Plaintiffs by virtue of their relationship as mutual Talon partners; they were duties that he owed to them based upon statutes that govern the sale of all securities.

## C.    The Damages Elements of Plaintiffs' Claims do Not Require Arbitration.

The fact that the Plaintiffs measure their damages in this action by their loss in Talon has no bearing on whether their claims against Selway and Matsko are subject to arbitration. Although the breaches by Selway and Matsko caused Plaintiffs to lose money in Talon, that does not mean that their claim for breaches "arises" under the Talon documents. *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013), illustrates this point well: there, consumers purchased cars from Toyota dealers and later sued Toyota (but not the dealerships) in products liability. *Id*. at 1128. The purchasers had signed arbitration clauses with the dealers, and Toyota

attempted to invoke those clauses to compel arbitration. *Id*. The Ninth Circuit affirmed the district court's ruling that the purchasers' claims against Toyota were not within the scope of their arbitration agreements with their Toyota dealerships because, in "the absence of a disagreement between Plaintiffs and the Dealerships, the agreement to arbitrate arbitrability does not apply." Like the claims against Selway and Matsko here, the *Kramer* claims arose under a set of legal duties – i.e., products liability laws – that are separate from the contractual duties created by the agreements between the purchasers and their dealers. Selway and Matsko are no more entitled to the benefit Talon's arbitration agreement than Toyota was entitled to its dealers' agreements.

*Comer v. Micor, Inc.*, 436 F.3d 1098 (9th Cir. 2006), also illustrates this rule. There, investors entered a contract (which contained an arbitration clause) with investment advisors, who concentrated the investors' ERISA retirement plans in technology stocks. *Id*. at 1100. Those investments did poorly when the dot-com bubble burst, and the investors (in the name of their retirement plans) sued their advisors for breach of fiduciary duty pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. *Id*. at 1100. *Id*. The district court denied the advisors' attempt to compel arbitration pursuant to their contracts with the investors. *Id*. The Ninth Circuit affirmed the district court because the claims that the plaintiffs had asserted (for breach of fiduciary duty pursuant to 29 U.S.C. § 1109) required making good to the plans, not to the plaintiffs individually, and the plans were non-signatories to the contract with the investment advisors. *Id*. at 1100-01. Just as in this case, the fact that the measure of damages to the plaintiffs in *Comer* was a "financial loss they allege[d] to have suffered in their investment account" (ECF No. 20) did not affect the analysis.

The Ninth Circuit's decision in *Kramer*, discussed above, is similar. There, purchasers of Toyota cars entered arbitration agreements with their dealers. 705 F.3d at 1125. Later, they sued Toyota in products liability, and Toyota sought to compel arbitration pursuant to the purchasers' agreements with their dealers. *Id*. The Ninth Circuit affirmed the district court's denial the

motion to compel arbitration because Toyota was a non-signatory to the dealership contracts, and because the products liability claims did not arise from the contracts between the purchasers and the dealerships. *Id*. at 1132. The same is true with respect to the Plaintiffs' claims against Selway and Matsko here – the claims do not arise from the Plaintiffs' agreements with Talon, they arise from Selway and Matsko's breaches of duties that exist entirely independently of the Talon documents. The mere fact that the measure of Plaintiffs' damages is their loss in Talon does not cause the Talon arbitration agreement to apply any more than the fact that the measure of the *Kramer* plaintiffs' damages (loss in value to their cars) caused their dealership arbitration agreements to apply.

Finally, *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042 (9th Cir. 2009) – which Plaintiffs cited in their original memorandum opposing arbitration, *see* ECF No. 10 at 8 – also provides helpful guidance. There, a man with a home equity line of credit from Wells Fargo died. Before his death, he purchased credit insurance from a company called USLIC. 555 F.3d at 1043-44. The credit insurance agreement provided that, if he died, $50,000 would be paid to Wells Fargo to cover the balance of his home equity loan. *Id*. at 1044. Upon his death, however, USLIC denied the claim and his estate sued. *Id*. USLIC's agreement with the decedent did not contain an arbitration clause, but the decedent's agreement with Wells Fargo did. *Id*. Like Matsko and Selway here, USLIC attempted to compel arbitration pursuant to the decedent's agreement with Wells Fargo, on the theory that the purpose of the insurance was to cover the Wells Fargo loan, and therefore the insurance should be considered part of the overall transaction with Wells Fargo (and thus sufficiently related to the Wells Fargo agreement's arbitration provision). *Id*. The *Mundi* court affirmed denial of the motion to compel arbitration, however, because – just as here – there was no evidence that the Wells Fargo agreement intended to include USLIC, nor did the decedent's claim against USLIC arise from the Wells Fargo documents. *Id*. at 1047. The mere fact that the measure of the damages element of the decedent's claim was a financial loss involving a non-party who had agreed to arbitration did not change the

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES

fact that the actual claims between the actual parties to the lawsuit did not arise from the contract containing the arbitration agreement. *Id*. ("Mundi's claim is based solely on USLIC's actions, and there are no allegations of collusion or of misconduct by Wells Fargo, the signatory to the arbitration agreement. Given these circumstances, USLIC may not compel Mundi to arbitrate her claims against it.").[2] In other words, *Mundi* affirmed the denial of a motion to compel arbitration even though, just as here, the measure of the decedent's damages was a financial transaction with a signatory to an arbitration agreement.

To compel arbitration in this case would thus be contrary to *Kramer*, *Comer*, and *Mundi*. As each of the foregoing cases show, the touchstone of whether arbitration is appropriate is whether the parties agreed to it in writing. Plainly that is not the case here. The mere fact that aspects of the damages claim (i.e., the measure of the Plaintiffs' loss in the Talon investment) involve facts about an entity with whom they had an agreement to arbitrate does not change the fact that they have not agreed to arbitrate any the claims they have asserted against the Defendants here.

### III.    CONCLUSION

For foregoing reasons, the Plaintiffs respectfully request that the Court deny the Defendants' Motion to Dismiss or Stay Pending Arbitration.

---

[2]  The exact same thing is true here: with respect to both Defendants, Plaintiffs' claims are based upon their actions; the Plaintiffs' Complaint does not allege wrongdoing by Talon, the signatory to the arbitration agreement.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES

Dated: September 19, 2018, by:

/s/ Patrick C. Bageant
Patrick C. Bageant (No. 10291)
HOLLYSTONE LAW
1775 West State Street, No. 286
Boise, ID 83702
Telephone:  208-596-5343
Facsimile:  208-686-8247
Email:       pbageant@hollystonelaw.com

Thomas J. Lloyd III (ISB No. 7772)
ELAM & BURKE, P.A. 251 E. FRONT ST.,
Suite 300 P.O. box 1539
Boise, ID 83701
Telephone:  (208) 343-5454
Facsimile:  (208) 384-5844
E-mail:      tjl@elamburke.com

*Attorneys for Plaintiffs*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES

**CERTIFICATE OF SERVICE**

I certify that on September 19, 2018, I filed the foregoing with the Court's CM/ECF system, which will cause it to be served electronically upon all counsel of record.


  /s/ Patrick C. Bageant      

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE ARBITRATION AND DAMAGES